IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TANIA BAKER | * | |
| Plaintiff | * | |
| v | * | Civil Action No. WMN-11-2367 |
| T-MOBILE CUSTOMER SERVICE and HARBOR PLACE MALL | * | |
| | * | |
| Defendants | | |

***

## MEMORANDUM

The above-captioned complaint was filed on August 24, 2011, together with a Motion to Proceed in Forma Pauperis. Because she appears indigent, Plaintiff's motion will be granted.

The Complaint alleges that T-Mobile has "inadvertently" suspended Plaintiff's cell phone account "based on ridiculous discriminative judgment and prejudice." ECF No. 1. She states the actions of Defendant are due to the release of "private intimate photos" which were not intended to be released to the public. Plaintiff claims "law enforcement" is responsible for releasing the photos and she states the release of the photos constitutes slander. She states she has made numerous phone calls trying to have the problem resolved and that she "may have cussed them out on a recording" but that does not excuse the slander. *Id*. There is no clear allegation concerning how law enforcement is involved in the suspension of Plaintiff's cell phone service.

The complaint fails to state a claim upon which relief may be granted. Although Plaintiff asserts her constitutional right of free speech is infringed by the suspension of her cell phone account, T-Mobile is not a state actor, nor does the conduct described have the imprimatur of official conduct.

In limited circumstances, however, seemingly private conduct can be the subject of a §1983 suit.  "[W]e have recognized four exclusive circumstances under which a private party can be deemed to be a state actor:  (1) when the state has coerced the private actor to commit an act that would be unconstitutional if done by the state; (2) when the state has sought to evade a clear constitutional duty through delegation to a private actor; (3) when the state has delegated a traditionally and exclusively public function to a private actor; or (4) when the state has committed an unconstitutional act in the course of enforcing a right of a private citizen." *DeBauche v. Trani*, 191 F. 3d 499, 507 (4th Cir. 1999) *cert. denied* 529 U.S. 1033 (2000).  There is no clear connection between official state conduct and the failure by T-Mobile to address Plaintiff's complaints regarding her cell phone service.  "If the conduct does not fall into one of these four categories, then the private conduct is not an action of the state." *Andrews v. Federal Home Loan Bank of Atlanta*, 998 F.2d 214, 217 (4th Cir.1993).  The civil rights claims Plaintiff asserts against Defendants in the instant case must, therefore, be dismissed.

The remaining claims Plaintiff alleges in the complaint are state law claims for slander. While these types of claims may be asserted in the Court in some instances, the case *sub judice* is not one of those instances.  Under 28 U.S.C. §1332[1] a civil action may be maintained in this Court if the amount in controversy exceeds the sum or value of $75,000 **and** the parties in the action are citizens of different States.  The allegations raised concern conduct that took place within the state of Maryland and Plaintiff's claim for damages in the amount of  3.5 million

---

[1] Under 28 U.S.C. § 1391(a), "a civil action wherein jurisdiction is founded only on diversity of citizenship may . . . be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought."

dollars appears to be grossly inflated given the nature of the claims raised. The test for determining diversity jurisdiction based upon the amount involved is primarily one of good faith. *See Gauldin v. Virginia Winn-Dixie, Inc.*, 370 F. 2d 167, 170, fn. 1 (4th Cir. 1966). Suspension of Plaintiff's cell phone contract could not have caused more damages than the amount of her monthly payment for the cell phone to the extent she is still paying the fee. Even if Plaintiff could establish entitlement to other damages for emotional distress, the damages award is unlikely to be close to $75,000, let alone the requested 3.5 million dollars. Without reaching the merits of these claims, they will be dismissed without prejudice. Plaintiff will then be permitted, if she so desires, to assert these claims in the appropriate state forum.

      A separate Order follows.

/s/

 September 8, 2011   
Date

_____  
William M. Nickerson  
United States District Judge